IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANCISCO JAVIER LOPEZ ALVAREZ, | § § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-1909-RP |
| MIGUEL VERGARA, *in his official capacity as Field Office Director, San Antonio Office, Immigration and Customs Enforcement*, et al., | § § § § § | |
| Respondents. | § § | |

**ORDER**

Petitioner Francisco Javier Lopez Alvarez ("Petitioner") brought his first Petition for Writ of

Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District

of Texas on March 16, 2026. (*See Lopez Alvarez v. Vergara et al.*, Pet., Dkt. 1, 1:26-CV-625-RP (W.D.

Tex. March 16, 2026) ("First Petition")). The undersigned denied without prejudice Petitioner's First

Petition and closed that case on May 13, 2026. (Order, Dkt. 18).

On July 12, 2026, Petitioner filed another Petition for Writ of Habeas Corpus under 28

U.S.C. § 2241 ("Second Petition"), (Dkt. 1), and that case was assigned to the undersigned.[1] Having

considered Petitioner's Second Petition and the relevant law, the Court will deny Petitioner's Second

Petition for Writ of Habeas Corpus.

**I. BACKGROUND**

The Court incorporates by reference its description of Petitioner's history in the immigration

court in its Order Denying Petitioner's First Petition, (1:26-CV-625-RP, Dkt. 18, at 1–3). In that

Order, the Court concluded that on the date of its Order, May 13, 2026, Petitioner was within the

---

[1] On July 12, 2026, the Court referred this case to United States Magistrate Judge Dustin Howell for a report and recommendation, (Dkt. 3). It is hereby ordered that the referral to the Magistrate Judge is **WITHDRAWN**.

ninety-day removal period within which the Attorney General is statutorily required to detain him. *See* 8 U.S.C. § 1231(a)(2)(A). (*Id.* at 4). That ninety-day period of mandatory detention is presumptively constitutional. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (discussing a six-month period of post removal detention as being presumptively constitutional). Accordingly, the Court concluded that Petitioner's First Petition was premature. *See Chance v. Napolitano*, 453 F. App'x 535, 536 (5th Cir. 2011) (finding that a habeas petition was "premature" where the petitioner "had not been in post-removal order detention longer than the presumptively reasonable six-month period set forth in [*Zadvydas*]").

Now, in his Second Petition, Petitioner alleges that he is being detained under both 8 U.S.C. § 1225(b)(2), (Second Pet., Dkt. 1, at 5–7), and § 1231, (*id.* at 8). As described above, the Court previously concluded that Petitioner is being detained under 8 U.S.C. § 1231. (Order Denying First Pet., 1:26-CV-625-RP, Dkt. 18, at 2–3). Petitioner argues in his Second Petition that his "detention period of over 180 days under 8 U.S.C. § 1231 exceeds the statutory removal period and the presumptively reasonable period for removal" under *Zadyvdas*. (Second Pet., Dkt. 1, at 8). On May 13, 2026, the Court found that Petitioner was within the presumptively reasonable six-month period set forth in *Zadvydas*, because his removal order became administratively final on April 8, 2026[2]. (Order Denying First Pet., 1:26-CV-625-RP, Dkt. 18, at 3–4).

## II. DISCUSSION

The Court denied Petitioner's First Petition without prejudice and, accordingly, did not issue a final judgment in that case. Still, the Court considers the case law concerning successive § 2241

---

[2] The Court arrived at this conclusion because of the following representations from the parties: the Immigration Judge granted Petitioner voluntary departure on March 20, 2026, and that order mandated that if Petitioner failed to voluntarily depart by April 20, 2026, or filed a motion to reopen, an alternate order of removal would automatically take effect, which would be final because Petitioner waived appeal. (Order of Immigration Judge, Dkt. 10-1, at 4–5). Petitioner filed a motion to reopen on April 8, 2026. (Petitioner's Supp. Filing, Dkt. 13-1, at 1). Thus, Petitioner's removal order became administratively final on April 8, 2026.

petitions in its analysis here. Unlike the mandatory dismissal of a second or successive § 2255 motion, "dismissal of a successive § 2241 petition is discretionary." *Ortiz-Lopez v. Fed. Bureau of Prisons, Dir.*, 830 F. App'x 127, 131 (5th Cir. 2020) (citing 28 US.C. § 2244[3]). *See also James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995) ("A district court's decision to dismiss a second or subsequent federal habeas corpus petition for abuse of the writ lies within its sound discretion."). The "abuse of the writ" doctrine presents several bars to successive habeas petitions under § 2241. *Ortiz-Lopez*, 830 F. App'x at 131. For example, "a successive § 2241 petition is subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again." *Id.* (citing *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994)). "Additionally, a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show cause and prejudice for his failure to raise the claim earlier." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 493–95 (1991)).

In Petitioner's First Petition, he argued that his detention was a violation of his right to due process guaranteed by the Fifth Amendment and a violation of the Immigration and Nationality Act ("INA") and federal regulations. (First Pet., 1:26-CV-625-RP, Dkt. 1, at 4–6). In Petitioner's Second Petition, he included the same Fifth Amendment and INA claims, and he also included a claim that his "detention period of over 180 days under 8 U.S.C. § 1231 exceeds the statutory removal period and the presumptively reasonable period for removal under *Zadvydas*."[4] (Second Pet., Dkt. 1, at 8).

---

Later in the Court's Order, the Court stated that "Petitioner's order of removal became final on April 8, 2026." (Order Denying First Pet., 1:26-CV-625-RP, Dkt. 18, at 4). This was in error, and the Court confirms its conclusion that Petitioner's order of removal became final on *March* 8, 2026. (*Id.* at 3).

[3] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."

[4] Petitioner additionally raised a claim pursuant to the Fifth Circuit's recent opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026), but that opinion has since been vacated by the Fifth Circuit in its order granting a petition for rehearing *en banc. See Sosnava Rodriguez v. Ortega*, No. 26-50183, Dkts. 174, 176 (5th Cir. July 10, 2026).

The Court finds that while Petitioner did formally include a new legal claim in his Second Petition—his claim that his detention is unlawful under *Zadvydas*—the Court had already considered whether Petitioner's detention pursuant to 8 U.S.C. § 1231 was unlawful under *Zadvydas* in its Order Denying Petitioner's First Petition. (Order Denying First Pet., 1:26-CV-625-RP, Dkt. 18, at 2–4). The Court concluded that because Petitioner's order of removal became administratively final on April 8, 2026, and six months had not yet passed since that date, Petitioner's claim was not yet ripe for the Court's review. (*Id.* at 3–5). Six months have still not yet passed since that date; thus, Petitioner's claim is still not yet ripe for the Court's review in accordance with *Zadvydas*. Accordingly, the Court will deny Petitioner's Second Petition without prejudice.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Second Petition for Writ of Habeas Corpus, (Dkt. 1), is **DENIED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERD** that this case is **CLOSED**.

**SIGNED** on July 15, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4